THE STATE OF FLORIDA EX REL..FRED H. DAVIS, Attorney
GENERAL, *Plaintiff in Error,* v. GEORGE OLDMIXON, *Defendant in Error.*

Division B.

Opinion filed June 13, 1929.

*William Fisher,* for Plaintiff in Error;

*John M. Coe,* for Defendant in Error.

WHITFIELD, P. J.—In quo warranto proceedings brought
by the Attorney General in the Circuit Court it was in
effect alleged that while the law provides that there shall
not be more than ten pilots for the port of Pensacola, and
that such pilots are licensed to serve during good behavior,
yet the respondent had been granted a license as a pilot
when 12 other persons held licenses as pilots in such port,
though three of them were with the approval of the Board
of Pilot Commissioners treated as inactive or retired pilots.

By plea it was in effect averred that three of those who had been licensed as pilots of the port of Pensacola had ceased to be such pilots in that each "did announce to the Board of Pilot Commissioners that he was physically incapable of further performing the duties of a pilot, and desired permanently to cease from such performance; to cease to receive the emoluments of the said office, and to draw in future 2/3rds dividends, as provided for retired pilots by the bylaws of the Pensacola Pilot's Association, a corporation organized by virtue of the provisions of Section 2488 et seq., of the Revised General Statutes of Florida. That the said Board of Pilot Commissioners did consider and investigate the said application, did find that the said pilot had become incapable of serving longer as an active pilot, and did, by an unanimous vote, retire him from active service as such, as of November 15th, 1927, and by virtue of such action of the said Board, and his own voluntary desistance therefrom, he has not since performed the duties nor received the emoluments of a pilot, but has received from the said corporation, the said 2/3rds share provided for by the said bylaws and Section 2490, Revised General Statutes of Florida."

The plea was sustained on demurrer and the relator not desiring to plead further the cause was dismissed. Writ of error was taken by the relator.

The statute providing that there shall not be more than ten pilots for the port of Pensacola contemplates a quota of ten pilots who are capable to serve and who have not relinquished or abandoned by non user or otherwise the franchise right to exercise the functions of a pilot. Section 2463, Revised General Statutes 1920 as amended by Chap. 2463, Rev. Gen. Stats. 1920 as amended by Chapter 12194, Acts 1927, Chapter 10202, Acts 1925, Chapter 9303, Acts 1923, Section 3872, Comp. Gen. Laws 1927.

The three pilots who announced that they were physically incapable of further performing the duties of a pilot and desired permanently to cease from such performance and did not thereafter perform such duties, thereby relinquished or abandoned their franchise status and rights as pilots of the port of Pensacola, leaving the number of pilots for the port less than ten, and the granting of a franchise license to the respondent did not exceed the authorized quota of ten pilots for the port.

Sections 2488 *et seq.*, Rev. Gen. Stats. 1920, Sections 3898 *et seq.*, Comp. Gen. Laws 1927, provides that any three or more full branch bar pilots may incorporate themselves, and that when any stockholder shall cease to be an active pilot his share of stock shall draw only two-thirds of the dividends of earnings drawn by the shares held by stockholders who are active pilots.

While such regulation of a different subject recognizes that a pilot may cease to be "an active pilot," it does not change the legal meaning and effect of the provision of Chapter 12194, Acts of 1927, that "there shall not be more than ten pilots for the port of Pensacola" and does not prevent the operation of appropriate rules of law when a licensed pilot relinquishes his franchise rights as such licensed pilot.

Affirmed.

STRUM and BUFORD, J. J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.